UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TERRY GAINES, | No. 2:21-cv-00992 WBS AC |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND |
| COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1 to 100, inclusive, | |
| Defendant. | |

----oo0oo----

Plaintiff Terry Gaines ("plaintiff") brought this action against defendant Costco Wholesale Corporation ("Costco") because of a series of interactions he had with Costco employees while shopping at Costco's Stockton location on August 28, 2020. (See Def.'s Notice of Removal, Ex. A ("Compl.") ¶ 12 (Docket No. 1-1).)  The thrust of plaintiff's complaint is that Costco employees treated him disrespectfully and differently than other customers because of his race, causing plaintiff to suffer severe emotional distress and embarrassment.  (See id.)

1

Specifically, plaintiff alleges that, after he had finished shopping and was trying to pay for his items, Costco employees scrutinized his Costco Club membership card, requested to see his identification multiple times, and required him to use multiple credit cards to pay. (See id. at ¶¶ 12-16.) After Costco cashiers told plaintiff that Costco "did not take Mastercard" loud enough for everyone in line to hear, plaintiff alleges that one of the cashiers told him to "have a nice day" in a sarcastic and provoking manner. (See id. at ¶ 16.)

Plaintiff then attempted to complain to Costco management about the cashiers' behavior. (See id. ¶¶ 17-19.) Plaintiff alleges that he was forced to speak with four different supervisors before being permitted to speak with a manager, despite asking to speak with a manager five times. (Id.) Once plaintiff finally described what happened to a manager, he alleges that the manager told him the cashiers had violated Costco policy and apologized to him. (Id.) Plaintiff filed a formal complaint with the manager. (Id.)

Plaintiff then brought this action against Costco in San Joaquin County Superior Court, claiming that the actions of Costco's employees violated the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq., California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200, and constituted negligent supervision, hiring, and retention, and intentional infliction of emotional distress. (See generally Compl.) On June 3, 2021, Costco removed the action to this court on the basis of diversity of citizenship. (See Def.'s Notice of Removal at 1 (Docket No.

1).)  Plaintiff now moves to remand this action to state court.[1] (See Mot. to Remand (Docket No. 5).)

## Discussion

### A. Amount in Controversy

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).  However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  To satisfy the requirements for complete diversity, "each of the plaintiffs must be a citizen of a different state than each of the defendants."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

Plaintiff concedes in his motion to remand that § 1332(a)'s complete diversity of citizenship requirement is met because Costco is a Washington citizen for the purposes of diversity.  (See Mot. to Remand at 5 n.2.)  Accordingly, plaintiff focuses on the amount in controversy requirement, arguing that, even if all doubts are resolved in favor of Costco,

---

[1] The court determines it would not be assisted by oral argument on the motion.  Accordingly, the hearing previously set for July 26, 2021 is vacated, and the motion will be decided on the written submissions of the parties.

the actual amount in controversy in this action does not exceed $75,000. (See id. at 5-6.) Plaintiff does not enumerate his claimed damages in his complaint. (See generally Compl.) However, the complaint makes it clear that plaintiff seeks statutory damages, special damages for emotional distress, general damages, punitive damages, attorneys' fees, and costs. (See Compl. at Prayer for Relief, ¶¶ 1-10.)

In cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." See id.

Costco first points to a number of jury verdicts in cases involving similar facts, all of which exceeded $75,000, as evidence that the amount in controversy in this case exceeds the statutory minimum.[2] In particular, Costco cites to Mitchell v.

---

[2] Costco requests that the court take judicial notice of three items: (1) a certified copy of the judgment in Mitchell v. Soleyman, Case No. 00-12591-AHM-CTX (C.D. Cal. Aug. 12, 2002); (2) a summary of the jury verdict in Oliver v. Creditford, Santa Clara County Super. Ct. Case No. CV 773021 (Mar. 27, 2002); and (3) a summary of the jury verdict in Gallegos v. Los Angeles City College, 2003 WL 23336379, Los Angeles County Super. Ct. (Oct. 16, 2003). (See Def.'s Request for Judicial Notice at 1–2("RJN") (Docket No. 7).) The court may take judicial notice of matters of public record, including prior federal and state court proceedings. Here, the accuracy of the jury verdicts as public records of prior proceedings can be determined by readily available resources whose accuracy cannot reasonably be questioned. See Vasquez v. Arvato Digital Services, LLC, No. CV 11-02836 RSWL (AJWx), 2011 WL 2560261, at *2 (C.D. Cal. June 27,

1  Soleyman, where a jury awarded $75,000 in statutory damages per
2  plaintiff for plaintiffs' claims of racial discrimination in
3  violation of the Unruh Civil Rights Act.  (See RJN at Ex. A.)
4  Costco also cites to Oliver v. Creditford, where a jury awarded
5  $231,700 for intentional infliction of emotional distress in
6  connection with a discrimination claim.  (See id. at Ex. B.)
7  Because this case also involves claims for racial discrimination
8  under the Unruh Civil Rights Act and for intentional infliction
9  of emotional distress in connection with that claim, and the
10 Ninth Circuit has specified that a defendant may rely on jury
11 verdicts in cases involving similar facts to establish the amount
12 in controversy, see Kroske v. U.S. Bank Corp., 432 F.3d 976, 980
13 (9th Cir. 2005), the court finds that these cases indicate that
14 the amount in controversy in this case exceeds $75,000.

15         Costco next argues that the attorneys' fees in this
16 case could be substantial.[3]  District courts in California have
17 noted that maintaining a race discrimination claim requires
18 substantial effort on the part of plaintiff's counsel -- so much
19 so that attorneys' fees in individual discrimination cases often
20 exceed the damages.  See Simmons v. PCR Tech., 209 F. Supp. 2d
21 1029, 1035 (N.D. Cal. 2002).  In Mitchell, for instance, the
22 court awarded attorneys' fees in excess of $185,000 where the
23 jury only awarded $75,000 in statutory damages to each plaintiff

---

2011).  Plaintiff has not objected.  Accordingly, the court will grant Costco's request in its entirety.

[3]     The Unruh Act authorizes "attorney's fees as may be determined by the court."  See Cal Civ. Code § 52(b)(3).  The amount in controversy includes attorney's fees if authorized by statute.  See Kroske, 432 F.3d at 980.

under the Unruh Civil Rights Act.  (See RJN at Ex. A.)  And even in instances where fees do not exceed damages, case law shows that attorneys' fees regularly exceed $100,000 in discrimination cases under California law.  (See, e.g., RJN at Ex. C (awarding $159,277 in attorneys' fees where verdict was for $210,082).) Plaintiff's request for attorneys' fees alone could therefore easily result in the amount in controversy in this case exceeding $75,000.

Next, the court considers plaintiff's prayer for punitive damages.  See Davenport v. Mutual Ben. Health & Acc. Ass'n, 325 F.2d 785, 787 (9th Cir. 1963) (noting that requests for punitive damages may also be considered when ascertaining the amount in controversy).  Although Costco has not provided examples of jury verdicts of punitive damages in similar cases, it contends that because the amount of punitive damages awarded are based on the financial worth of the defendant and are meant to punish the defendant in such a way that it will have a tangible financial consequence, a punitive damages award for a defendant of Costco's size would exceed $75,000.  (See Def.'s Notice of Removal at 6.)  Because plaintiff has presented no contrary argument regarding punitive damages for a defendant of Costco's size, the court agrees with Costco that a punitive damages award would likely exceed $75,000.

Finally, and perhaps most critically, Costco points to a settlement demand letter sent by plaintiff on September 25, 2020 where he asserts that $ 75,000 is a "fair compromise of plaintiff's claims" and that he expects to "recover no less than $100,000 in this case on the Unruh Civil Rights Act claim alone."

(See Decl. of Michelle DuCharme in Opp'n to Mot. to Remand at Ex. 1 ("DuCharme Decl.") (Docket No. 6-2).)  Plaintiff later sent Costco a demand letter on April 20, 2021, which requested only $20,000 as a fair compromise, but still emphasized that plaintiff expected to recover no less than $100,000 on the Unruh Civil Rights Act claim alone.  (See id. at Ex. 2.)[4]  The Ninth Circuit has held that a settlement letter is relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim.  See Cohn v. PetSmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002).  It therefore appears that even by plaintiff's own calculation, this case is worth substantially more than the jurisdictional amount.[5]

When viewed in combination, the evidence presented by Costco regarding plaintiff's claim for general damages, attorney's fees, and punitive damages satisfies its burden of

---

[4]   Plaintiff additionally filed a Rule 68 Offer of Judgment on June 16, 2021 offering to settle the case for $74,999.  (See DuCharme Decl. at Ex. 2.)  As a preliminary matter, a Rule 68 offer is reserved for parties defending against a claim.  See Fed. R. Civ. P. 68(a) ("a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms.").  Moreover, the Supreme Court "has long discouraged reliance on post-removal stipulations and affidavits," See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938)(district court jurisdiction is not defeated where plaintiff reduces the claim below the requisite amount by stipulation, affidavit, or amendment after removal).  The court therefore gives little credence to this post-removal offer of judgment from plaintiff.

[5]   Plaintiff has provided no alternative calculations as to how much this case might be worth in their motion or cited to any jury verdicts substantially below the jurisdictional threshold. Nor has plaintiff attempted to distinguish any of the cases cited by Costco or provided any explanation regarding the settlement letters sent to Costco.

7

proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Because the Ninth Circuit has instructed district courts to consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees when authorized by statute, see Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998)(claims for statutory attorneys' fees must be included in the amount in controversy regardless of whether such an award is discretionary or mandatory); Davenport, 325 F.2d at 787 (punitive damages must be considered when recoverable under state law), the court will deny plaintiff's motion to remand this case to state court.

   B.   Plaintiff's Request for Attorneys' Fees and Costs

Plaintiff also seeks "attorney's fees and costs incurred because of the wrongful removal of this action."  (See Mot. to Remand at 7.)  "[C]ourts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Frankline Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted).  Here, for the reasons discussed above, Costco had an objectively reasonable basis for seeking removal.  Plaintiff is therefore not entitled to attorney's fees or costs on this motion.[6]

IT IS THEREFORE ORDERED that the plaintiff's motion to

---

[6] Plaintiff also contends that Costco failed to "provide all documents filed in the State Court Action."  (See Mot. to Remand at 7.)  However, plaintiff has not identified what specific documents Costco allegedly failed to attach to its notice of removal or how plaintiff was prejudiced thereby.

8

remand, (Docket No. 5), be, and the same hereby is, DENIED.

Dated: July 21, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE